**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  v.

DALE LEWIS GIBSON, a/k/a Dale
Lewis Gibson, a/k/a Derek L.
Hicks, a/k/a Squirrel,
  *Defendant-Appellant.*

No. 00-4047

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-98-249)

Submitted: November 9, 2000

Decided: December 21, 2000

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

J. Darren Byers, LAW OFFICES OF J. DARREN BYERS, P.A.,
Winston-Salem, North Carolina, for Appellant. D. Scott Broyles,
OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Dale Lewis Gibson pled guilty to one count of conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C.A. § 841(a)(1) (1994) and U.S.C. § 846 (1994). Pursuant to a plea agreement, Gibson was sentenced to 168 months imprisonment. On appeal, Gibson claims that the trial court erred by not departing downward from his prescribed sentencing range based on the alleged overstatement of his criminal history as a category III, and in light of his status as a deportable alien. Gibson's sentence was within the guideline range for his offense and an argument for a downward departure was not made on his behalf in the district court. Finding no reversible error, we affirm.

A sentence within the sentencing guidelines is not reviewable by this court unless the district court acted under the misconception that it lacked discretion to depart from the guidelines. *See* 18 U.S.C. § 3742(a) (West Supp. 2000); *United States v. Edwards*, 188 F.3d 230, 238 (4th Cir. 1999); *United States v. Jones*, 18 F.3d 1145, 1151 (4th Cir. 1994); *United States v. Bayerle*, 898 F.2d 28, 32 (4th Cir. 1990). The record does not affirmatively indicate any misapprehension by the court regarding its authority to depart, and we will not infer such misapprehension from the court's silence. *See United States v. Bailey*, 975 F.2d 1028, 1035 (4th Cir. 1992).

Accordingly, we affirm Gibson's sentence. Gibson's motion for counsel, requested after counsel had been appointed, is denied as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*

UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

DALE LEWIS GIBSON, a/k/a Dale
Lewis Gibson, a/k/a Derek L.
Hicks, a/k/a Squirrel,
　　　　　　　*Defendant-Appellant.*

No. 00-4047

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-98-249)

Submitted: November 9, 2000

Decided: December 21, 2000

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

J. Darren Byers, LAW OFFICES OF J. DARREN BYERS, P.A.,
Winston-Salem, North Carolina, for Appellant. D. Scott Broyles,
OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Dale Lewis Gibson pled guilty to one count of conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C.A. § 841(a)(1) (1994) and U.S.C. § 846 (1994). Pursuant to a plea agreement, Gibson was sentenced to 168 months imprisonment. On appeal, Gibson claims that the trial court erred by not departing downward from his prescribed sentencing range based on the alleged overstatement of his criminal history as a category III, and in light of his status as a deportable alien. Gibson's sentence was within the guideline range for his offense and an argument for a downward departure was not made on his behalf in the district court. Finding no reversible error, we affirm.

A sentence within the sentencing guidelines is not reviewable by this court unless the district court acted under the misconception that it lacked discretion to depart from the guidelines. *See* 18 U.S.C. § 3742(a) (West Supp. 2000); *United States v. Edwards*, 188 F.3d 230, 238 (4th Cir. 1999); *United States v. Jones*, 18 F.3d 1145, 1151 (4th Cir. 1994); *United States v. Bayerle*, 898 F.2d 28, 32 (4th Cir. 1990). The record does not affirmatively indicate any misapprehension by the court regarding its authority to depart, and we will not infer such misapprehension from the court's silence. *See United States v. Bailey*, 975 F.2d 1028, 1035 (4th Cir. 1992).

Accordingly, we affirm Gibson's sentence. Gibson's motion for counsel, requested after counsel had been appointed, is denied as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*